CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 24 2009

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROGER DALE ANDERSON, JR., | ) | Civil Action No. 7:09-cv-00290 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WESTERN VIRGINIA REGIONAL | ) | |
| JAIL, | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

Roger Dale Anderson, Jr., a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names the Western Virginia Regional Jail ("Jail") as the sole defendant. Plaintiff alleges that staff at the Jail opened his legal mail outside of his presence. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Anderson alleges in his complaint that mail from the Court of Appeals of Virginia, the National Legal Professional Associates, and the American Civil Liberties Union was opened by Jail staff without Anderson being present on three separate occasions. (Compl. 3.) Anderson acknowledges having all of this opened mail in his possession. He submitted two grievance forms, but he never received a response. Anderson leaves "what should be done up to th[e] court...." (Id. 4.)

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28

U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added). However, the Eleventh Amendment of the United States Constitution restricts the federal judicial power; a state may not be sued in federal court for violating either state or

federal law unless Congress specifically so provides or the state consents to the suit. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment also bars claims against any party where the state is the real party in interest. Id. at 101. In accordance with the Eleventh Amendment, the court adopts the reasoning and holding of McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893 (E.D. Va. 1992), which held that the degree of state involvement in the administration of local and regional jails in Virginia mandates that local and regional jails be considered arms of the state.[1] Therefore, plaintiff seeks relief against an entity who is immune from suit under § 1983 and, thus, fails to state a claim upon which § 1983 relief may be granted. Accordingly, the court dismisses plaintiff's complaint without prejudice.

III.

For the foregoing reasons, the court dismisses plaintiff's complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 24th day of July, 2009.

Senior United States District Judge

---

[1] To the extent plaintiff may request equitable relief, he failed to make a request or establish any entitlement to relief. See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).

3